UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOHN HARRISON**                                              **CIVIL ACTION**

**VERSUS**                                                     **NO.06-3287**

**LOUISIANA STATE**                                            **SECTION: B (4)**

ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Reconsideration (Rec. Doc. No. 12). For the following reasons, the motion is **DENIED**.

The Fifth Circuit has explained that when a case is decided dispositively without a trial in the district court, subsequent relief, even if entitled a motion for new trial, is more properly construed as a request for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 338 (5th Cir. 1997); *see also Thomas v. Great Atlantic and Pacific Tea Co., Inc.*, 233 F.3d 326, 327 n.1 (5th Cir. 2000) (noting that the district court correctly treated the motion for reconsideration of entry of summary judgment as a motion to alter or amend under Fed. R. Civ. P. 59(e)); *Patin v. Allied Signal Ins.*, 77 F.3d 782, 785 n.1 (5th Cir. 1990)(motion to reconsider entry of summary judgment is properly styled as a Rule 59(e) Motion); and *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998) ("The Federal Rules of Civil Procedure do not provide for a "Motion for

Reconsideration" but such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment."). Because the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration, a motion for reconsideration should be treated as a motion to alter or amend a judgment under Rule 59(e) if filed within ten days of the challenged ruling or judgment and under Rule 60 if filed beyond that time.  *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000); *Freeman v. County of Bexar*, 142 F.3d 848, 852 and n.7 (5th Cir. 1998); and *Hamilton Plaintiffs*, 147 F.3d at 371 n.10.

The instant motion cannot be construed as a motion for new trial under Rule 59(e) because it was filed beyond the ten day period for such a motion, *see* Fed. R. Civ. P. 59(e), and no motion to extend this time was filed. Thus, the plaintiff is relegated to Federal Rule of Civil Procedure 60 for relief. *Welch v. McKenzie*, 777 F.2d 191, 192 (5th Cir. 1985). Because the motion does more than correct a clerical mistake in the judgment, the Court will evaluate the arguments under Rule 60(b), which authorizes the Court to amend the judgment for more substantive reasons. The rule provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;(2) newly discovered evidence which by due diligence could not have been discovered in time to

>move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. Rule Civ. P. 60(1)-(6).

The arguments presented do not satisfy the criteria imposed by the Fifth Circuit to justify the granting of Rule 60 relief. Finding that the plaintiff has not provided the Court any basis for altering its ruling or judgment,

**IT IS ORDERED** that the motion is **DENIED.**

New Orleans, Louisiana, this 23rd day of March, 2007.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

3